**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Michael Breyan,<br><br>Plaintiff,<br><br>v.<br><br>Judge Bruce Howe Hendricks,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-01498-RMG-MGB<br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Michael Breyan, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 against the Honorable Bruce Howe Hendricks, United States District Judge. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review the Complaint and submit findings and recommendations to the assigned District Judge. For the reasons discussed herein, the undersigned recommends that this case be summarily dismissed without leave to amend.

**BACKGROUND**

Although largely nonsensical, the Complaint appears to allege that in June or July of 2020, Plaintiff was "awarded" some sort of relief in a federal action pursuant to the "order and notice" of a judge. (Dkt. No. 1 at 4–5.) The relief was then revoked or interfered with by "another judge," presumably Judge Hendricks. (*Id.* at 4.) Plaintiff seems to suggest that Judge Hendricks "attempt[ed] to intervene with government evidence and security" in violation of the Fifth and Fourteenth Amendments and other constitutional protections. (*Id.* at 4–5 (cleaned up).) He seeks "all liberty, property, [and] companys," and states that "the amount requested is to be paid like [the] order and notice." (*Id.* at 6.) This is the extent of Plaintiff's Complaint.

## STANDARD OF REVIEW

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Accordingly, a claim based on a "meritless legal theory" or "baseless" factual contentions may be dismissed *sua sponte* at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" under Rule 8(a)(2) of the Federal Rules of Civil Procedure. In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under

any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## DISCUSSION

The undersigned notes at the outset that the bare, incoherent nature of Plaintiff's Complaint make it difficult to ascertain the facts and claims on which this action rests. "Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Bell v. Bank of Am., N.A.,* No. 1:13-cv-478-RDB, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) (internal quotation marks and citations omitted); *see also Beaudett*, 775 F.2d at 1278 (explaining that federal courts are not required to serve as "mind readers" or advocates for *pro se* litigants when construing *pro se*

pleadings). When a pleading is "so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or gibberish, that it is unclear what is to be made of them," summary dismissal is appropriate. *Witherspoon v. Berry*, No. 9:13-cv-2942-MGL, 2015 WL 1790222, at *3 (D.S.C. Apr. 15, 2015).

To the extent the undersigned's interpretation is correct, and Plaintiff is in fact challenging an order issued by Judge Hendricks in one of his previous federal actions, the Complaint does not specify the proceedings to which Plaintiff refers. A brief search of Plaintiff's federal filing history, however, indicates that he is likely referencing *Breyan v. Greenville County Detention Center*, No. 1:20-cv-1819-BHH (D.S.C. July 21, 2020)—the only civil action that coincides with the July 2020 date cited in the Complaint. (Dkt. No. 1 at 5.)

Contrary to Plaintiff's contention, he was not awarded any sort of relief in Case No. -1819. Rather, the assigned United States Magistrate Judge issued an "Order and Notice" on May 22, 2020, notifying Plaintiff that his case was not in proper form and affording him an opportunity to cure the deficiencies by filing an amended complaint and the appropriate service documents. *See* Case No. -1819 (Dkt. No. 8). When Plaintiff failed to respond, the Magistrate Judge issued a Report and Recommendation on June 15, 2020, in which she recommended summary dismissal for failure to prosecute, failure to state a claim upon which relief may be granted, and lack of subject matter jurisdiction, among other reasons. *See* Case No. -1819 (Dkt. No. 11). Judge Hendricks then adopted the Report and Recommendation on July 21, 2020, after Plaintiff failed to file any objections. *See* Case No. -1819 (Dkt. No. 19). Thus, insofar as Plaintiff is challenging Judge Hendricks' final order in Case No. -1819, the undersigned clarifies here that her decision to dismiss the action did not conflict with any sort of relief Plaintiff was "awarded" (Dkt. No. 1 at 4) in the Magistrate Judge's preceding Order and Notice or Report and Recommendation.

Notwithstanding the above, it is well-settled that judges have absolute judicial immunity for their judicial actions. *See Mireless v. Waco*, 502 U.S. 9, 11–12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *see also Lepelletier v. Tran*, 633 F. App'x. 126, 127 (4th Cir. 2016) (per curiam) (holding that absolute judicial immunity is a protection from suit, not just from damages, meaning that "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . [are] barred by the plain language of 42 U.S.C. § 1983"). Notably, judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judicial officer "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal citations omitted). While there is no indication that Judge Hendricks' decision was somehow flawed, Plaintiff's claims against her arise strictly from her judicial actions taken in relation to the aforementioned federal proceedings. Consequently, Judge Hendricks is entitled to absolute judicial immunity, and Plaintiff's claims are therefore subject to summary dismissal.

## CONCLUSION

For the reasons discussed above, the undersigned is of the opinion that Plaintiff cannot cure the deficiencies in his Complaint and therefore **RECOMMENDS** that this action be summarily **DISMISSED** without leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022).

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 20, 2026
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).