**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Michael Breyan,<br><br>                    Plaintiff,<br>          v.<br><br>Judge Bruce Howe Hendricks,<br><br>                    Defendant. | Case No. 2:26-cv-1498-RMG<br><br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that this action be summarily dismissed without leave to amend because the claim is barred by judicial immunity. (Dkt. No. 10).  Plaintiff was advised he had 14 days to file written objections to the R & R and a failure to file timely objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id*. at 6).  No timely objection was filed.

I.    **Legal Standard**

      **A. Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1).  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II. Discussion

The Magistrate Judge ably summarized the factual and legal issues in the R & R and correctly concluded that Plaintiff's claim is barred by judicial immunity.

## III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 10) as the Order of the Court. This action is summarily **DISMISSED** without leave to amend..

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 7, 2026
Charleston, South Carolina

2